Warren Brothers Co. *vs.* John M. Taylor, City Treasurer.

MARCH 30, 1908.

Present: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

Gen. Laws cap. 187, § 18, provides that "Every corporation which maintains or uses railroad tracks in any street or highway in any town or city in this State, shall be liable to keep and maintain in good order and repair, including paving and repaving and wherever necessary, that portion of any street or highway occupied by its railroad and eighteen inches outside of any of its rails."

An ordinance of the city of Newport granting a street railway company permission to lay rails provided that "said company shall pave and repave said streets, whenever required to do so by the street commissioner."

The city contracted for the paving of a highway, the contract covering the whole roadway, excepting eight inches outside and four inches inside the tracks, but refused to pay for a strip ten inches in width outside of the excepted portion, on the ground that it was the duty of the railway company to pave such portion of the street, and, the contractor being bound to take notice of the statutes and ordinance, such portion was excluded from the contract, and the contract so far as it included this strip, was *ultra vires*:—

*Held,* that the city had the power in the first instance to make a contract for the paving of the highway, and could not refuse to pay for that portion of the highway which the street railway was bound to pave; but if it sought reimbursement from the company for work done for which the company was liable, it was its duty to take the steps to obtain such reimbursement.

ASSUMPSIT.   Heard on agreed statement of facts.

PARKHURST, J.  This suit is brought by Warren Brothers Company, a corporation located in Boston, in the State of Massachusetts, to recover from the city of Newport the sum of $1,403.21 for the laying of 584.67 square yards of pavement at $2.40 a yard, in accordance with the terms of a contract between plaintiff and defendant for the paving of Spring street in the city of Newport.

The case is before the court on an agreed statement of facts which shows that the pavement has been laid in accordance with the proposal, contract, and specifications, and that the claim has been presented to the city council of the city of Newport and payment has been refused.

The contract which embodies a proposal and specifications was in writing and under seal, and calls for "laying Bituminous Macadam Pavement in Spring Street between Bull Street and Morton Park,"  .  .  .  and plainly by its terms covers the whole roadway in said Spring street, except that portion which is excepted in express terms by clause "14" of the proposal, which reads as follows:

"(14) That portion of the roadway eight (8) inches outside and four (4) inches inside the street railway tracks, shall be paved with stone blocks, vitrified brick or otherwise, to be determined hereafter by the Street Commissioner, and shall not be included in this contract."

There is not a word in contract, proposal, or specifications which in any way indicates that any other portion of the roadway was not to be paved; nor is there anything to show that the city engineer made or attempted to make restrictions as to the width of the pavement under the contract or in any way indicated that the city did not require this pavement to be laid up to the line of the stone blocks or other pavement eight inches outside the rail, as specified in clause "14" above quoted.

The defendant has refused to pay for a strip ten inches in width, along the edge of the stone blocks, alleging, as ground for its refusal, that the Old Colony Street Railway Company is

7

liable to pave that portion of the roadway in addition to the eight-inch strip of stone blocks, under the provisions of General Laws cap. 187, § 18, viz.: "Every corporation which maintains or uses railroad tracks in any street or highway in any town or city in this state, shall be liable to keep and maintain in good order and repair, including paving and repaving and wherever necessary, that portion of any street or highway occupied by its railroad and eighteen inches outside of any of its rails. . . . *Provided, however,* that the character of such paving, repaving and repairing, shall be such as is from time to time fixed by the town or city councils of the respective towns and cities;" and is further liable, as the successor of the Newport Horse Railroad Company, to pave said strip under section 4 of an ordinance of the city of Newport, entitled "An Ordinance granting to the Newport Horse Railroad Company permission to locate railroad tracks to be used with passenger cars in certain streets in the City of Newport," which provides that "Said company shall remove all obstructions, mend and repair, pave and repave said streets, as hereinbefore or hereinafter provided, whenever required to do so by the street commissioner," etc.

The defendant claims, that as the street railway company was, by virtue of the above quoted statute and ordinance, liable to pave the strip in question, the city of Newport was not liable to pave it; and that, as the plaintiff is bound to take notice of statutes and ordinances, it must be held as a matter of law that this ten-inch strip is excluded from the contract; that the defendant had no power to contract for the paving of this strip, and so, that the contract, so far as it purported to include this strip, was *ultra vires* and void.

We can not agree with this view of the law. On the contrary, we hold that the city of Newport, under its general duty and obligation imposed by Gen. Laws cap. 72, had the right in the first instance to do all such paving and repairs as it should see fit upon its highways.

It has been decided by this court that a city is not discharged of its liability to keep its highways safe and convenient for the public travel by reason of such provisions as above quoted,

requiring a street railway company to repair and to keep and maintain in repair streets or portions thereof occupied by the railway company. *Watson* v. *Tripp*, 11 R. I. 98; see also *Williams* v. *Tripp*, 11 R. I. 447, 455; *Seamons* v. *Fitts*, 20 R. I. 443, 445, 21 R. I. 236, 238; *Pawcatuck Valley St. Ry. Co.* v. *Town Council*, 22 R. I. 307, 310.

It follows as a matter of course, that if the city is not thus discharged from such liability, it must have the power in the first instance to make such a contract as it has made in this case for the paving of a highway; and if it seeks reimbursement from the street railway company for any work done for which such street railway company is liable under the law, it is the duty of the city, and not of the plaintiff, to take such proper steps as may be necessary to obtain such reimbursement. There is no fact in the case that in any way shows that the street railway company was a party to this contract or became liable to the plaintiff for the work done under the contract. On the contrary it does appear from the statement of facts that the street railway company did contract for the block paving adjoining the rails and paid therefor, thereby leading to the inference that the said railway company was not in any other way connected with this matter, so far as this plaintiff was concerned. The defendant's claim that plaintiff should look to the railroad company for the amount claimed in this suit is, therefore, manifestly untenable.

We therefore decide that the plaintiff is entitled to recover the full amount claimed by it, with interest, as claimed in the papers in the case. The clerk of the court is instructed to send back the papers herein to the Superior Court within and for the county of Newport, with the decision of this court certified thereon, in accordance with the above.

*John C. Burke,* for plaintiff.
*Clark Burdick,* for defendant.